NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL G. THOROGOOD,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2026-1219

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-24-0319-I-1.

---

Decided:  June 3, 2026

---

MICHAEL THOROGOOD, Norfolk, VA, pro se.

OLIVER MCDONALD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, HUGHES, and STARK, *Circuit Judges.*

PER CURIAM.

Michael G. Thorogood appeals a final decision of the Merit Systems Protection Board ("MSPB" or "Board") sustaining his indefinite suspension from the United States Department of the Navy ("Navy"). We affirm.

I

For more than a decade, Mr. Thorogood worked as a Logistics Management Specialist in the Norfolk Naval Shipyard ("Norfolk"), providing supply chain support for the maintenance and repair of naval vessels such as nuclear submarines. Like all employees at Norfolk, Mr. Thorogood's Logistics Management position required a security clearance.

On July 17, 2023, Mr. Thorogood was notified that his "eligibility to access classified information" was being revoked, "based on [certain] security concerns." Appx. 21.[1] As a result, on September 5, 2023, the Navy proposed indefinitely suspending him "for failure to meet a condition of employment." Appx. 31.

On October 26, 2023, after counsel submitted written and oral responses contesting the charge, a Navy reviewing officer found that there were grounds for instituting an indefinite suspension. On January 12, 2024, that decision was upheld by the Navy's Personnel Security Appeals Board ("PSAB"). Mr. Thorogood appealed to the MSPB. On October 3, 2024, after a hearing, an administrative judge ("AJ") affirmed his indefinite suspension. On November 25, 2025, the Board affirmed the AJ's decision.

---

[1] "Appx." refers to the appendix submitted by Mr. Thorogood, ECF No. 21, while "S.A." refers to the Supplemental Appendix attached to the Navy's brief, ECF No. 27.

Mr. Thorogood timely appealed to this court. The Board had jurisdiction under 5 U.S.C. § 7701. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

"Our scope of review in an appeal from a decision of the Board is limited." *Cheney v. Dep't of Just.*, 479 F.3d 1343, 1348 (Fed. Cir. 2007). "We will uphold a decision of the MSPB unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or 'unsupported by substantial evidence.'" *Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1373 (Fed. Cir. 2019) (quoting 5 U.S.C. § 7703(c)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022) (internal quotation marks omitted). "On appeal, the petitioner bears the burden of establishing error in the Board's decision." *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024) (internal quotation marks and alterations omitted).

"[I]n a case involving a suspension resulting from the suspension of a security clearance," "[n]either the Board nor this court may review the underlying merits of an agency's decision to suspend a security clearance." *Cheney*, 479 F.3d at 1351-52; *see also Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000). Instead, "review of adverse actions stemming from security clearance determinations is limited to determining (1) whether a security clearance was denied [or revoked], (2) whether the security clearance was a requirement for appellant's position, and (3) whether the procedures set forth in [5 U.S.C.] § 7513 were followed." *Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373-74 (Fed. Cir. 2019) (internal quotation marks and alteration omitted); *see also Gargiulo v. Dep't of Homeland Sec.*, 727 F.3d 1181, 1185 (Fed. Cir. 2013).

### III

Mr. Thorogood advances three principal challenges on appeal.

First, he contends that the Board erred in finding that his position of Logistics Management Specialist required a security clearance. We disagree. The Board's finding is supported by substantial evidence, including documentary and testimonial evidence the Navy presented at the hearing before the AJ, establishing that Mr. Thorogood's position "[r]equires eligibility for access to classified information." Appx. 72 ("[The] [p]osition requires eligibility for access to Secret, Confidential, or 'L' level information."); S.A. 52 ("[T]he position that Mr. Thorogood was occupying at the time . . . require[d] eligibility for access [to] classified information."). The evidence that Mr. Thorogood was permitted, at times, to work from home, and that some of his job duties did not involve accessing classified information does not undermine the AJ's finding that it was a condition of employment that he maintain a security clearance.

Second, Mr. Thorogood asserts that he was denied sufficient process under 5 U.S.C. § 7513. The statute "requires the agency to provide notice of denial or revocation of the security clearance; a statement of the reason(s) upon which the negative decision was based; and an opportunity to respond," including with the assistance of an attorney or other representative. *Hornseth*, 916 F.3d at 1374 (internal quotation marks and alterations omitted); *see also* 5 U.S.C. § 7513(b)(1)-(4). Substantial evidence supports the Board's finding that each of these requirements was satisfied here.

On September 5, 2023, the Navy issued Mr. Thorogood a "Notice of Proposed Indefinite Suspension," to take effect "no earlier than thirty (30) calendar days from the date [he] receive[d] th[e] notice." Appx. 31. It explained the reason for the notice was his "failure to meet a condition of employment, revocation of eligibility for access to classified

information and assignment to sensitive duties." *Id.* The notice further advised Mr. Thorogood he had 15 days to respond and apprised him of additional rights, including the right to representation and to appeal; he used the subsequent period to hire an attorney, submit a response, and then present evidence at the AJ hearing.

Finally, Mr. Thorogood argues that he was prejudiced by several procedural errors at various phases of his suspension proceedings, including that the Navy failed to provide him a union representative and that the AJ made erroneous evidentiary rulings at the hearing. Mr. Thorogood, who was represented by an attorney at the hearing, has failed to persuade us that any aspect of that hearing, including the evidentiary rulings, constituted an abuse of discretion or was otherwise not in accordance with law.

Thus, we find no merit in Mr. Thorogood's contentions.

## IV

We have considered Mr. Thorogood's remaining arguments and find them unpersuasive. Accordingly, for the foregoing reasons, we affirm the final decision of the Board.

**AFFIRMED**

COSTS

No costs.